UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00515-JPH-TAB |
| | ) |
| C. GARD MS., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Demajio Ellis has filed a motion for assistance recruiting counsel. Dkt. 32. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel for indigent litigants.[1] *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers).

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been

---

[1] Because Mr. Ellis paid the filing fee in this case after receiving a confidential settlement, the Court directed him to submit a copy of his trust account under seal to see if he qualified for the appointment of counsel. Dkt. 35. Mr. Ellis has done so. Dkt. 48. The balance in his trust account reflects that he does not have sufficient funds to hire an attorney for this civil matter.

1

effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Ellis has attempted to contact multiple attorneys with requests for representation without success. The Court finds that he has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular

2

plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

In this action, Mr. Ellis alleges that the defendants have retaliated against him for his grievance-related activity by placing him in an unsafe housing environment in violation of the First and Eighth Amendments. Mr. Ellis alleges that he needs counsel because the defendants are interfering with his legal mail by not tendering complete copies of his legal documents. He also alleges that the defendants are allowing an inmate who previously attacked him to handle his food trays. The Court does not find it necessary to appoint counsel at this time. With respect to the legal mail, if Mr. Ellis believes that the mail he has received is incomplete, he can file a grievance or write to the defendants' counsel to request another copy of the documents. With respect to his food, Mr. Ellis does not allege any harm from another inmate serving him food.

Mr. Ellis is a frequent litigator in this Court who has ably represented himself in several cases. Mr. Ellis understands how to file motions for court assistance when necessary. Further, the defendants have asserted the affirmative defense of failure to exhaust administrative remedies. As explained in the Entry Directing Development of Exhaustion Defense, to contest the

3

availability of administrative remedies, Mr. Ellis need only submit relevant supporting documents, including an affidavit, that explains his efforts to comply with the grievance process. Dkt. 39 at 2. Mr. Ellis did just that in *Ellis v. Opie, et al.*, 1:21-cv-02387-MPB-MKK. *See* dkt. 69 (Granting Motion for *Pavey* Hearing and Denying Motion for Summary Judgment) (S.D. Ind. Jan. 10, 2023). Accordingly, the Court finds that Mr. Ellis is competent to litigate this action on his own at this juncture.

In summary, Mr. Ellis's motion for assistance recruiting counsel is **denied without prejudice**. Dkt. [32]. The **clerk is directed** to send Mr. Ellis a motion for assistance recruiting counsel form, which he must use if he chooses to renew his motion. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or evidentiary hearing.

**SO ORDERED.**

Date: 11/12/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:
DEMAJIO JEROME ELLIS
166596
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel