UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEMAJIO JEROME ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-00515-JPH-TAB |
| C. GARD MS., et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AS MOOT**

Plaintiff Demajio Ellis is proceeding on claims that Defendants were deliberately indifferent to his safety and retaliated against him by housing him with cellmates that harassed, threatened, and fought with him. *See* dkt. 14 (June 20, 2024, Order Screening Amended Complaint and Directing Further Proceedings); dkt. 27 (August 28, 2024, Order Granting Motion to Reconsider Screening Order). When Mr. Ellis filed his complaint, he also filed a motion for preliminary injunction in which he asked to be transferred to a single-person cell.[1] Dkt. 12.

---

[1] Mr. Ellis' motion mentions that his tablet is broken. Dkt. 12 at 1. Although Correctional Defendants consider this to be part of his request for an injunction, the Court understood the inclusion of that information to explain why Mr. Ellis did not support his motion with citations to caselaw. *See id.* at 2, ¶ 3 (after explaining his lack of tablet and limited access to the law library, stating, "I am at a disadvantage while filing for preliminary injunction and restraining order because I don't have caselaw to apply a memorandum of law in support of."). Mr. Ellis confirmed at a January 31, 2025, telephonic status hearing that his request for an injunction is limited to his cell placement. Dkt. 67 at 2.

1

Briefing on the matter is now complete, and a telephonic status conference was held on January 31, 2025, to discuss the motion. For the following reasons, Mr. Ellis' motion, dkt. [12], is **denied as moot**.

## I.    Background

In this action, Mr. Ellis alleges that Defendants have repeatedly chosen cellmates that threaten, harass, and or physically attack him. Dkt. 14 at 6-7. He alleges that they have done so in retaliation for Mr. Ellis' litigation activity. *Id.* at 7. Relevant to this motion, Mr. Ellis is proceeding on an Eighth Amendment claim that Defendants have failed to protect him from harm by other inmates. Dkt. 27.

In his motion requesting a preliminary injunction, Mr. Ellis alleges that he has been attacked and harassed for years due to other inmates' perception of him as a snitch; that inmates verbally and physically attack him; and that he needs a single-person cell through the duration of this case because each of his cellmates has stolen or rummaged through his property and fight with him. Dkt. 12 at 2-3. He further alleges that one cellmate tried to stab him in April 2024. *Id.* at 3.

On January 31, 2025, Magistrate Judge Timothy Baker held a telephonic status conference. Dkt. 67. During the conference, Mr. Ellis informed the Court that he had been in a single-person cell for two weeks after a physical altercation with his last cellmate. *Id.* at 2. He has experienced no violence since being placed in that cell. *Id.*

2

## II.   Legal Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

## III.   Discussion

Mr. Ellis is now in a single-person cell, and there is no evidence that his housing situation will change in the near future. Accordingly, the motion for preliminary injunction, dkt. [12], is **denied as moot.** *Cf. Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

However, in light of Mr. Ellis' sworn testimony that he has been attacked by each of his cellmates while housed at New Castle Correctional Facility, Defendants are **ordered** to file a Notice with the Court if they intend to change

Mr. Ellis' current housing situation, that is, being housed by himself in a single-person cell, while this case is pending. Such notice must: (1) state when Mr. Ellis is expected to receive a new cellmate; (2) identify steps have been taken to identify whether this particular cellmate poses any threat to Mr. Ellis; and (3) provide the Court at least seven (7) days' notice before the anticipated change to Mr. Ellis' housing situation.

If Defendants file such a notice or Mr. Ellis receives another cellmate and he believes that this cellmate poses a threat to his safety, he may renew his request for injunctive relief.

### IV. Conclusion

Mr. Ellis' motion for a preliminary injunction, dkt. [12], is **denied as moot** because he has received the relief he requested—to be housed in a single-person cell. Defendants are **ordered** to file a Notice with the Court if these circumstances are expected to change.

**SO ORDERED.**

Date: 2/7/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DEMAJIO JEROME ELLIS
166596
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel